IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MUNOZ, LIDIA CRUZ, YANET HERNANDEZ, SANTOS R. VALENZUELA, TRINIDAD RUIZ, MARTA R. RINCON de DIAZ, RAMON CERVANTES PERALES and HUGO PEREZ RIOS on behalf of themselves, and all current and former employees, and on behalf of a class of similarly situated employees,<br><br>            Plaintiffs,<br><br>vs.<br><br>GIUMARRA VINEYARDS CORPORATION, et al.,<br><br>            Defendant. | 1:09-cv-00703-AWI-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Class Discovery Deadline: 3/31/11<br><br>Merit Discovery Deadline: 12/2/11<br><br>Expert Disclosure Deadline: 4/8/11<br><br>Expert Discovery Deadline: 5/27/11<br><br>Class Certification Filing Deadline: 6/17/11<br><br>Non-Dispositive Motion Filing Deadline: 11/18/11<br><br>Dispositive Motion Filing Deadline: 12/16/11<br><br>Settlement Conference Date: *not applicable at this time*<br><br>Pre-Trial Conference Date: 3/23/12, 8:30am, Ctrm. 2/**AWI**<br><br>Trial Date: 4/3/12, 8:30am, Ctrm. 2/**AWI** (JT ~ 15-20 days) |

    1.    Date of Scheduling Conference:

            February 9, 2010.

    2.    Appearances of Counsel:

        Stanley S. Mallison, Esq., and Hector R. Martinez, Esq., of Mallison & Martinez, as well as Nicole M. Duckett, Esq., of Milberg, Weiss, Bershad & Schulman, LLP, appeared telephonically on behalf of plaintiffs.

        Joseph E. Herman, Esq., and Joseph C. Markowitz, Esq., appeared telephonically on behalf of defendant.

    3.    The Pleadings:

        A.    Summary of the Pleadings.

            <u>Plaintiffs' Contentions</u>

        This is a Class Action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the Class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the California Labor Code, and California Business and Professions Code §§ 17200, et seq.

        This action is brought on behalf of plaintiffs and a Class comprising of non-exempt agricultural workers employed or formerly employed by defendant at defendant's worksites located in and around Kern County.  Plaintiffs also bring an enforcement cause of action pursuant to the California Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, et seq. ("PAGA"), on behalf of the State of California, on behalf of themselves and other aggrieved employees.

        Plaintiffs' PAGA cause of action is a non-class representative action.  This action seeks recovery of wages and penalties due and owing to plaintiffs, the Class, and the State of California under Federal and/or California laws.  At least four

2

1  years prior to the filing of this action (formerly *Doe v. D.M. Camp*
2  *& Sons, et al.*, 1:05-cv-01417-AWI-SMS) and to the present,
3  defendant systematically maintained and enforced against its non-
4  exempt employees, including plaintiffs and Class Members, among
5  others, the following unlawful practices in violation of Federal
6  and California wage and hour laws, including:
7         a. forcing all new grape workers to work for free
8  during an initial "trial" period of at least several days;
9         b. forcing all new grape workers who continue past
10 the trial period to work at piece rate (pruning and tying) work for
11 less than minimum wage - for several week's work;
12        c. forcing employees to pay defendant one full
13 week's wages to obtain placement in certain of defendant's jobs;
14        d. forcing employees to work pre-shift and post-
15 shift "off the clock" time without compensation;
16        e. failing to pay for half the usual or scheduled
17 day's work, but in no event for less than two hours nor more than
18 four hours, at the employee's regular rate of pay, which shall not
19 be less than the minimum wage for each workday an employee is
20 required to report for work and does report, but is not put to work
21 or is furnished less than half said employee's usual or scheduled
22 day's work;
23        f. forcing employees to work a second shift of home-
24 work without compensation and without split shift pay or, in the
25 alternative, failing to pay for travel time and incurred expenses;
26        g. forcing employees to purchase tools from the
27 employer or otherwise supply their own tools;
28        h. failing to pay minimum wages;

3

1           i. failing to pay double minimum wage to employees
2 who provide or are required to purchase their own tools;
3           j. requiring non-exempt employees to work without a
4 minimum 10-minute rest period for every four hours or major
5 fraction thereof worked, and failing to pay such employees one hour
6 of pay at the employee's regular rate of compensation for each
7 workday that a rest period was not provided;
8           k. requiring non-exempt employees to work at least
9 five hours without a meal period, and failing to pay such employees
10 one hour of pay at the employee's regular rate of compensation for
11 each workday that the meal period is not provided;
12           l. requiring employees to report to work and, if an
13 employee did report for work, but was not put to work or was
14 furnished with less than half said employee's usual or scheduled
15 day's work, paid the employee less than half the usual or scheduled
16 day's work at the employee's regular rate of pay and/or less than
17 the legal minimum;
18           m. failing to provide employees with accurate
19 itemized wage statements;
20           n. failing to maintain accurate time-keeping records.
21         Plaintiffs originally filed this action anonymously
22 against defendant and several other defendants collectively
23 (formerly 1:05-cv-01417-AWI-SMS), which was amended twice - a First
24 Amended Complaint (Doc. 9), and a corrected Second Amended
25 Complaint (Doc. 65) - and amended a third time (Doc. 1) pursuant to
26 the Court's order that the case be severed and plaintiffs re-file
27 against the separate defendants (Doc. 237).
28 //

4

<u>Defendant's Contentions</u>

Defendant has complied with all applicable federal and state wage and hour laws and regulations; pays its employees at least a minimum wage; complies with all applicable laws and regulations governing meal and rest breaks; complies with all agreements and "working arrangements" with its employees; maintains proper payroll and other records; does not require its employees to provide their own tools; and, does not require payment for assignment to certain jobs.

Defendant contends that the court lacks jurisdiction over plaintiffs' state law claims, should stay consideration of any claims under federal law, and asserted a number of constitutional objections to plaintiffs' statutory claims, and a number of other defenses to plaintiffs' statutory and common law claims, including that plaintiffs have not stated a claim for meal and rest period violations as to employees covered by the IWC Wage Order No. 14 (all of the named plaintiffs are covered by Order No. 14).  Since meal and rest periods for workers covered by Order No. 14 are not "mandated," no payment is authorized by Labor Code § 226.7.  In addition, plaintiffs have not stated a claim under the Labor Code Private Attorneys General Act; are not entitled to seek waiting time penalties because their employment was not terminated at the end of each season; have not stated a claim for breach of contract; and, their unfair business practices claim is also defective in a number of respects.

Defendant also reserves the right to claim that the named plaintiffs are not suitable class representatives, and that no class should be certified for other reasons, including typicality and manageability.

5

1             B.    Orders Re: Amendment of Pleadings.
2                   No amendments are proposed at this time.
3        4.   Factual Summary:
4             A.    Admitted Facts which are deemed proven without
5 further proceedings.
6                   (1)   None summarized in the Joint Scheduling Report
7 (Doc. 32) as required by the court's Order Setting Mandatory
8 Scheduling Conference (Doc. 4), and, specifically, No. 3 of Exhibit
9 "A" attached thereto.
10            B.    Contested Facts.
11                  (1)   None summarized in the Joint Scheduling Report
12 (Doc. 32) as required by the court's Order Setting Mandatory
13 Scheduling Conference (Doc. 4), and, specifically, No. 3 of Exhibit
14 "A" attached thereto.
15       5.   Legal Issues:
16            A.    Uncontested.
17                  (1)   None summarized in the Joint Scheduling Report
18 (Doc. 32) as required by the court's Order Setting Mandatory
19 Scheduling Conference (Doc. 4), and, specifically, No. 4 of Exhibit
20 "A" attached thereto.
21            B.    Contested.
22                  (1)   None summarized in the Joint Scheduling Report
23 (Doc. 32) as required by the court's Order Setting Mandatory
24 Scheduling Conference (Doc. 4), and, specifically, No. 4 of Exhibit
25 "A" attached thereto.
26 ///
27 //
28 /

1       6.     Consent to Magistrate Judge Jurisdiction:

2              This case will not be assigned for all purposes,
3  including trial, to the Honorable Sandra M. Snyder, United States
4  Magistrate Judge, as the parties do not so consent at this time.

5       7.     Discovery Plan and Cut-Off Dates:

6              A.     Pursuant to F.R.Civ.P.26(b), and except as the court
7  may order after a showing of good cause, the "(p)arties may obtain
8  discovery regarding any matter, not privileged, that is relevant to
9  the claim or defense of any other party."

10             B.     Unless otherwise stipulated between the parties or
11 ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery
12 shall be limited as follows:

13                    (1)    Depositions:

14                           a.    Each side may take no more than ten (10)
15 depositions.

16                           b.    A deposition shall be limited to one (1)
17 day of seven (7) hours.   F.R.Civ.P.30(d).

18                    (2)    Interrogatories:

19                           a.    "(A)ny party may serve upon any other party
20 written interrogatories, not exceeding 25 in number including all
21 discrete subparts . . ."   F.R.Civ.P.33(a).

22             C.     Pursuant to F.R.Civ.P.26(e), the parties shall
23 supplement their disclosures and amend their responses to discovery
24 requests in a timely manner.

25             D.     The parties are ordered to complete all class
26 discovery on or before March 31, 2011, all merit discovery on or

27

28

7

before December 2, 2011[1], and all expert discovery on or before May 27, 2011.

E.   The parties are directed to disclose all expert witnesses, in writing, on or before April 8, 2011.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder**.  Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8.   Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before November 18, 2011, and are (customarily) heard on Fridays at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.  **NOTE**: It is the policy of Judge Snyder's chambers that a hearing date first be cleared with Courtroom Deputy Harriet Herman at (559) 499-5692 prior to the

---

[1] The Court is mindful of a dispute between the parties regarding conducting merit discovery along with class certification discovery.  Counsel have agreed to meet and confer in earnest before bringing this dispute to the Court, either informally or by noticed motion.

filing of any non-dispositive motions and supporting documents. Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**. **Counsel must also comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar**.[2]

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144. However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to Magistrate Judge Snyder's Courtroom Deputy Harriet Herman (559-499-5692) no later than five (5) court days prior to the noticed hearing date. **ALL Out-of-town counsel are strongly encouraged to appear telephonically via a single conference call to chambers**. If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the single conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

//

---

[2] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days before the scheduled hearing date (i.e., the Friday before the customary Friday hearing). Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Monday) prior to the (customary) hearing (on Friday).

Class certification motion(s) shall be filed on or before June 17, 2011, and are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge. In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

All Dispositive Pre-Trial Motions shall be filed on or before December 16, 2011, and are heard on Mondays at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge. In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

//

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

9.   Pre-Trial Conference Date:

March 23, 2012 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect X3[3] format to Judge Ishii's chambers by e-mail to AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the Pre-Trial Conference. **The Court will insist upon strict compliance with those Rules**.

10.   Trial Date:

April 3, 2012 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

A.   This is a jury trial.

//

---

[3] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

11

1  B. Counsels' Estimate of Trial Time:
2  15-20 days.
3  C. Counsels' attention is directed to **Rule 285 of the Local Rules** of Practice for the Eastern District of California.
5  11. Settlement Conference:
6  Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged.
8  12. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:
10  Not applicable at this time.
11  13. Related Matters Pending:

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| Rodriguez v. D.M. Camp & Sons | 1:09-cv-00700-AWI-SMS | 4/20/09 |
| Soto v. Castlerock Farming | 1:09-cv-00701-AWI-SMS | 4/20/09 |
| Munoz v. Giumarra Vineyards | 1:09-cv-00703-AWI-SMS | 4/20/09 |
| Morales v. Stevco, Inc. | 1:09-cv-00704-AWI-SMS | 4/20/09 |
| Rojas v. Marko Zaninovich | 1:09-cv-00705-AWI-SMS | 4/20/09 |
| Rosales v. El Rancho Farms | 1:09-cv-00707-AWI-SMS | 4/20/09 |

19  14. Compliance with Federal Procedure:
20  The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto (**revised December 1, 2009**). The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.

1  Sanctions will be imposed for failure to follow the Rules as
2  provided in both the Fed.R.Civ.P. and the Local Rules.
3       15.  Compliance with Electronic Filing Requirement:
4        On January 3, 2005, the United States District Court for
5  the Eastern District of California became an electronic case
6  management/filing district (CM/ECF).  Unless excused by the Court,
7  or by Local Rule, attorneys shall file all documents electronically
8  as of January 3, 2005 in all actions pending before the court.
9  While Pro Se Litigants are exempt from this requirement, the court
10 will scan in all documents filed by pro se litigants, and the
11 official court record in all cases will be electronic.  Attorneys
12 are required to file electronically in pro se cases.  More
13 information regarding the Court's implementation of CM/ECF can be
14 found on the court's web site at www.caed.uscourts.gov, including
15 the Court's Local Rules effective January 3, 2005, and amended
16 December 1, 2009, the CM/ECF Final Procedures, and the CM/ECF
17 User's Manual.
18       While the Clerk's Office will not refuse to file a
19 proffered paper document, the Clerk's Office will scan it and, if
20 improperly filed, notify the Court that the document was filed in
21 an improper format.  An order to show cause (OSC) may be issued in
22 appropriate cases regarding an attorney's disregard for the
23 requirement to utilize electronic filing, or other violations of
24 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).
25       All counsel must be registered for CM/ECF.  On-line
26 registration is available at www.caed.uscourts.gov.  Once
27 registered, counsel will receive a login and password in
28 approximately one (1) week.  Counsel must be registered to file

13

documents on-line.  See L.R. 135(g).  Counsel are responsible for knowing the rules governing electronic filing in the Eastern District.  Please review the Court's Local Rules effective January 3, 2005, and amended December 1, 2009, available on the Court's web site.

16.   Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   March 24, 2010**          /s/ **Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE