IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MUNOZ, et al, | Case No.: 1:09-cv-00703 AWI JLT |
| Plaintiffs, | ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER WITHOUT PREJUDICE |
| v. | |
| GIUMARRA VINEYARDS CORPORATION, | (Doc. 66) |
| Defendant. | |

Before the Court is the stipulation of counsel to amend the scheduling order related to the briefing scheduling and hearing on the motion for class certification. (Doc. 66) In the stipulation, the parties seek to extend the opposition brief filing date to September 30, 2011, the reply brief filing date to December 9, 2011 and a continuance of the hearing until sometime thereafter. Id. at 2. The parties provide scant justification for these modifications and state only that "in light of the number of issues raised by [the class certification] motion" the current hearing date, and the associated filing dates, "do[ ] not provide sufficient time for the parties to conduct needed discovery pertaining to the motion or for plaintiffs to complete their reply papers." Id. at 2.

For the reasons discussed below, at this time the Court **DENIES WITHOUT PREJUDICE** the request to amend the scheduling order.

**I.   Background**

On March 26, 2010, the Court issued the scheduling order in this case. (Doc. 34) Key dates

set forth in the order include, completion of class discovery by March 31, 2011, merit discovery by December 2, 2011 and expert discovery by May 27, 2011, with expert witness disclosure to occur by April 8, 2011. Id. at 7-8. The Court ordered that the class certification motion to be filed no later than June 17, 2011. Id. at 10.

The Court amended the scheduling order on June 3, 2011 (Doc. 38) to allow the class certification motion to be filed 14 days later, based upon the stipulation of counsel that a voluminous and delayed discovery response made timely filing impossible. (Doc. 37) The stipulation was well-detailed regarding the reasons for the delay and the diligence of the parties to meet the deadlines of the scheduling order. Id.

On June 24, 2011, the Court heard a telephonic discovery dispute. (Doc. 40) This resulted in the Court amending the scheduling order again to require the filing of the class certification motion by July 22, 2011 and a hearing date no later than September 19, 2011. Id. The Court ordered, "No other deadlines in the scheduling order are amended by this order including the deadlines to disclose experts." Id. Consistent with this order, on July 22, 2011, plaintiffs filed their motion for class certification and scheduled the motion on September 19, 2011.[1] (Doc. 42)

As noted above, in their stipulation, counsel seeks to modify the filing dates for the opposition and reply thereto related to the motion for class certification and the hearing date for the motion. (Doc. 66 at 2) In addition, counsel has agreed that Defendant may take depositions of up to eight of the declarants who supported the motion and Plaintiffs may take a number of depositions of declarants who oppose the motion. Id. Also, counsel agree that Defendant may designate a rebuttal expert related to the class motion by August 23, 2011 and within a specified time frame, designate rebuttal experts for trial. Id. Counsel agree that Plaintiffs would be entitled to depose these experts. Id.

**II. Analysis**

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc.,

---

[1] Based upon the referral of the motion to Magistrate Judge Thurston by Chief District Judge Ishii, the hearing location was changed but the date and time of the hearing remained the same. (Doc. 64)

975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, **because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference** . . ." Jackson, 186 F.R.D. at 608, emphasis added.

In the scheduling order in this case, the Court reminded the parties,

> Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations, and where appropriate, attached exhibits which establish good cause for granting the relief requested.

(Doc. 34 at 14.) Nevertheless, notably absent from the stipulation is any substantive explanation for the need for the requested schedule amendments and there is no showing of good cause to support the request. For example, there is no showing that the parties have exercised diligence in meeting the current schedule and no information about what efforts have been made since the filing of the motion to prepare opposition to the motion, why the additional depositions should be allowed[2], the number of depositions taken by each side thus far, why expert discovery has not been completed already related to class issues and why Plaintiffs need more than two months to prepare the optional reply. Finally, there is no explanation why this particular class certification motion is more unwieldy than others of its type.

Therefore, because the request fails to comply with Rule 16 and fails to provide good cause for the requested extension of the deadlines set forth in the scheduling order, at this time, the request

---

[2] The scheduling order limited each side to 10 depositions. (Doc. 34 at 7)

3

is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **August 19, 2011**                                            /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE