**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL MUNOZ, et al, | Case No.: 1:09-cv-00703 AWI JLT |
| Plaintiffs, | ORDER GRANTING EXTENSION OF TIME TO FILE REPLY BRIEF RELATED TO |
| v. | MOTION FOR CLASS CERTIFICATION |
| GIUMARRA VINEYARDS CORPORATION, | ORDER DENYING FURTHER DISCOVERY |
| Defendant. | ORDER REQUIRING ALL PARTIES TO SUPPLEMENT THEIR RULE 26 DISCLOSURES |

On December 7, 2011, the Court conducted a telephonic hearing re: discovery dispute at Plaintiffs' request. (Doc. 81)

**I.     Background**

On August 24, 2011, the Court granted the parties' request to amend the schedule related to the filing of the opposition and reply to the motion for class certification. (Doc. 69) At that time, Defendant reported that it needed more time to prepare its opposition to the motion for class certification. (Docs. 66, 69) Defendant explained that it had not anticipated the number of complicated issues raised by the motion. Id. at 1. Plaintiffs reported also that they anticipated that they would need a more time to prepare its reply brief given that they anticipated that the opposition brief would be extensive. (Doc. 69 at 2)

In addition, the parties reported that they had come to an agreement as to the type and amount of allowable discovery related to the motion for class certification. (Docs. 66, 69) In particular, the

parties agreed that Defendant could take the depositions of eight class members who had filed declarations in support of the motion, the depositions of Plaintiffs' expert and named Plaintiff, Marta Rincon de Diaz. (Doc. 66 at 2) Likewise, Plaintiffs would be entitled to depose at least eight, but no more than 10%, of those class members who submitted declarations in opposition to the motion for class certification. Id. Likewise, Plaintiffs were permitted to depose any managers or supervisors who filed declarations in opposition to the motion for class certification. Id. Based upon the express assurances from counsel that they "were committed to completing this discovery without the need for future court intervention," the Court ordered the modification to the briefing schedule. (Doc. 69)

Nevertheless, on December 7, 2011, the Court was advised that the class-motion discovery had not been completed and that the parties requested a telephonic conference with the Court. The Court was informed that the purpose of the conference was to discuss the alleged failure of Defendant to produce deponents for deposition. Nevertheless, at the conference, Plaintiffs' counsel reported that there were three issues to discuss.

First, Plaintiffs reported that Defendant had not fulfilled its obligation under Rule 26 to identify all witnesses Defendant may use to support its defenses and had not provided contact information for these witnesses.[1] In particular, Plaintiffs sought the contact information for the class member declarants who had opposed the motion for class certification. Plaintiffs' counsel reported initially that they had requested this information at some point in the past and then changed this account to admit that they had requested this information "less than two weeks ago." They reported that Defendant's counsel refused to produce this information.

Second, Plaintiffs reported that only three of the requested 11 class member deponents had been produced by Defendant. Third, Plaintiffs reported that at a recent deposition, they were provided "invoice" documents which should have been produced earlier in response to document production request made some time ago. As a result, Plaintiffs contended that they needed additional time within which to file their reply papers related to the motion for class certification.

---

[1] In the course of this discussion, Plaintiffs admitted that they also had not supplemented their Rule 26 disclosure to provide the additional names and contact information for those who submitted declarations in support of their motion for class certification.

2

Defendant disputed these reports. First, Defendant clarified that it was not opposed to providing the contact information for the class member declarants. However, Defendant's concern was that it had agreed in good faith with Plaintiffs as to the confines of the discovery efforts related to the evidence submitted as to the class certification motion. Defendant's position was that because it had abided by the agreement, Plaintiffs should too. Defendant expressed that Plaintiffs were attempting to circumvent this agreement so that they could interview the declarants outside of the deposition environment. Defendant expressed its suspicions that the purpose for avoiding the depositions was to pressure the declarants into recanting their statements. Thus, Defendant contended that Plaintiffs request for the contact information was improper.[2]

Second, Defendant reported that immediately after they filed their opposition to the motion for class certification, they began inquiring of Plaintiffs about which declarants they wished to be produced for deposition and when they wished for the depositions to occur. Defendant repeatedly made this inquiry and reminded Plaintiffs that because the harvest season was coming to a close, further delay in taking these depositions could mean that the workers–many of whom migrate with the farm work–would not be able to be contacted. Nevertheless, it was not until one week ago that Plaintiffs provided 11 names to Defendant to be produced for deposition. Of the six depositions scheduled, only three people appeared for deposition. These three depositions were taken this week.

Finally, Defendant reported that Plaintiffs first scheduled the manager/supervisor depositions for the week of Thanksgiving. However, due to the holiday, the depositions had to be rescheduled and were completed very recently. Defendant agreed that one deponent produced "invoices" as requested by the deposition notice provided by Plaintiffs. However, Defendant denied that it had ever been asked for this data before and if Plaintiffs believed that Defendant should have produced these documents earlier, they had never expressed this belief.

Plaintiffs explained that they did not want to request the depositions until after they had confirmed that the deponents were available to participate in the deposition. They reported that they

---

[2] It is noteworthy that class related discovery was ordered to be completed by March 31, 2011. (Doc. 34) The agreement between counsel to allow class-motion related discovery outside this deadline was not ordered by the Court. (Doc. 69) Therefore, the Court has been provided no justification for Plaintiffs apparent intention to conduct discovery outside of the deadlines imposed by this Court *and outside of the agreement of counsel.*

had attempted to contact potential deponents but were largely unsuccessful. Except for this, in large part, Plaintiffs had no explanation for their failure to seek the depositions until one week ago.[3]

**II.     Analysis**

Both Plaintiffs and Defendant have failed to supplement their Rule 26 disclosures. Rule 26 requires supplementation in a timely fashion whenever the party learns that his disclosure is incomplete or incorrect, the party has gained information "not otherwise made known in the discovery process" or as ordered by the Court. Fed. R. Civ. P. 26(e)(1). Here, both sides have identified additional witnesses, as evidenced by the declarations they have filed in support of and in opposition to, the motion for class certification. Neither side has supplemented their disclosure and neither side has provided last known contact information for these witnesses. This situation must be rectified.

Therefore, according to Rule 26(e), the parties are **ORDERED** to supplement their disclosures no later than **December 16, 2011**. Separate from their supplemental disclosure, Defendant is **ORDERED** to provide last known contact information in its possession, for any prospective class-member who submitted a declaration in opposition to the motion for class certification. Defendant SHALL make best efforts to provide a complete list no later than **December 9, 2011**, but if this is not possible, Defendant SHALL provide a partial list on that date. Defendant SHALL provide a supplemental list by **December 14, 2011**, as necessary. Defendant need not repeat this contact information in its supplemental Rule 26 disclosure.

On the other hand, the Court is convinced that any failure related to the taking of class member depositions rests firmly with Plaintiffs. They chose to delay requesting the depositions until after harvest season, despite inquiries by Defendant. As admitted by Plaintiffs, they knew that the end of harvest season would mean that many witnesses would leave the area in favor of the

---

[3] However, in passing, Plaintiffs' counsel admitted that they had anticipated that the Court would stay the matter such that they would not be required to file a reply brief at this time. Notably, on November 18, 2011, the parties submitted a stipulation to stay the action in light of the California Supreme Court's pending decision in the case of Brinker Restaurant Corp. v. Sup. Court, 165 Cal.App.4th 28. (Doc. 79) On November 21, 2011, the Court granted the stay but ordered that it would not be effective until *after* the reply brief was filed. (Doc. 80)

Thus, the Court is quite confident that Plaintiffs' decisions not to conduct the agreed upon discovery, not to take the depositions and not to file the reply brief, were all tactically motivated. Any tactic, such as this, that plays fast and loose with the imposed deadlines is of grave concern to the Court.

1  Coachella Valley where work is now available.  Despite this, they chose to delay scheduling the
2  depositions. Therefore, based upon a clear lack of diligence on Plaintiffs' part, the request that
3  Defendant be required to produce further class members for deposition is **DENIED**.  **Moreover, no**
4  **further class-motion discovery SHALL occur except for depositions that were noticed before**
5  **December 7, 2011 and only if they are completed by December 9, 2011.**

6  Moreover, the Court is not convinced that Defendant has caused any undue delay in the
7  production of the invoice documents produced at the deposition of Jeff Giumarra.  If these
8  documents were requested in the past, as Plaintiffs contend, the Court is stymied by Plaintiffs'
9  failure to address this with Defendant before now.  Moreover, the Court is at a loss to understand
10 why the manager/supervisor depositions were not sought until mid-to-late November despite the
11 impending reply brief deadline and the fact that the need for these depositions was clear upon the
12 filing of Defendant's opposition brief on September 30, 2011.  This clearly demonstrates a lack of
13 diligence.  Thus, the request for an extension of time based upon the need to review these
14 documents, is **DENIED**.

15 Finally, thought the Court is absolutely loathe to reward Plaintiffs' errant behavior by
16 granting additional time to file the reply brief, it is clear that Defendant is not completely blameless
17 in the current situation.  Both Plaintiffs and Defendant have failed to comply with Rule 26.  As a
18 result, the Court **ORDERS** the reply brief SHALL be filed no later than December 29, 2011.

**ORDER**

Based upon the foregoing, the Court **ORDERS:**

1. The parties SHALL supplement their Rule 26 disclosures no later than **December 16, 2011**;

2. Defendant SHALL provide Plaintiffs the last known contact information, if Defendant has it, for any prospective class-member who submitted a declaration in opposition to the motion for class certification.  As complete a list as possible SHALL be provided no later than December 9, 2011. If Defendant has not supplied all last known contact information in its possession at that time, Defendant SHALL provide a supplemental list no later than **December 14, 2011**.  Defendant need not repeat this

contact information in its supplemental Rule 26 disclosure;

3. Plaintiffs' request that Defendant be required to produce further class members for deposition is **DENIED**;

4. **No further class-motion discovery SHALL occur except for depositions that were noticed before December 7, 2011 and only if they are completed by December 9, 2011**;

5. Plaintiffs' optional reply brief, if any, **SHALL** be filed no later than **December 29, 2011**;

6. **Failure to comply with this order SHALL result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **December 8, 2011**                                     /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE