STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
**MALLISON & MARTINEZ**
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

GEORGE R. KINGSLEY SBN - 38022
ERIC B. KINGSLEY SBN - 185123
  eric@kingsleykingsley.com
**KINGSLEY & KINGSLEY, APC**
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818) 990-8300; FAX (818) 990-2903

**ATTORNEYS FOR PLAINTIFFS**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MUNOZ, LIDIA CRUZ, YANET HERNANDEZ, SANTOS R. VALENZUELA, TRINIDAD RUIZ, MARTA R. RINCON de DIAZ, RAMON CERVANTES PERALES and HUGO PEREZ RIOS on behalf of themselves, and all current and former employees, and on behalf of a class of similarly situated employees <br><br> Plaintiffs, <br><br> vs. <br><br> GIUMARRA VINEYARDS CORPORATION, and DOES 1-20, <br><br> Defendant. | CASE NO. 1:09-CV-00703-AWI-JLT <br><br> <u>**CLASS ACTION**</u> <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO CLASS CERTIFICATION FINDINGS AND RECOMMENDATIONS** |

I.     **INTRODUCTION**

Plaintiffs object in part to the July 5, 2012 findings and recommendations of Judge Thurston and, pursuant to 28 U.S.C. 636(b)(1)(B), request that the Court review two discrete issues de novo and supporting evidence. First, class certification was denied for Plaintiffs' California Labor Code §226.7 rest break claims. In an attempt to ensure manageability of the rest break claim – Plaintiffs narrowed the rest break class to encompass only violations for "pure piece rate" workers. Plaintiffs' theory for this class was simple: although Defendant had a wide variety of rest break violations encompassed by California Labor Code 226.7, pure piece rate workers were never, as a matter of Defendant's own admission, provided a "paid rest break." Despite the fact that this narrowing of the class was clearly encompassed by the original complaint – which simply alleged that Defendant failed to provide rest breaks in compliance with California Labor Code §226.7 and requested recovery for "unpaid rest and meal period compensation" – Magistrate Thurston, denied this narrowed class on the basis that Plaintiffs did not plead this violation.

Although, there is no doubt that when the complaint was filed Plaintiffs anticipated a wider class that encompassed many of the types of violations encompassed by Labor Code 226.7, Plaintiffs' complaint's clearly pleads their rest break cause of action at paragraph 73:  "employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked." Doc. 28. Paragraph 74 states that "Defendants failed to provide plaintiff and other with rest breaks of not less than ten (10) minutes as required by the Labor Code."  As described below, the Labor Code and Wage Order 14 require that a rest break be "paid." Paragraph 22 of the complaint, which is incorporated into the rest break cause of action, states that the Plaintiffs' claims are seeking recovery on behalf of the class for "unpaid rest and meal period compensation." As such, Defendants were clearly on notice that one of plaintiffs theories was the unpaid rest break theory.

Regardless, the modern pleading rules are supposed to be designed to relieve pleading defects, relying upon discovery and other devices to resolve the ultimate character of the action. *Crull v. GEM Ins. Co.,* 58 F.3d 1386, 1391 (9th Cir. 1995) (As long as the other side receives fair notice of the nature of the claim, the complaint need not allege the legal theory on which recovery is being sought.). In the alternative, should the Court maintain the position that Plaintiffs' failure to

provide paid rest breaks to piece rate workers is not adequately pleaded, Plaintiffs ask the Court for leave to amend the complaint to add fact allegations descriptive of Giumarra's piece rate policy. This remedy is appropriate, just and will not prejudice Defendant who has had fair and ample opportunity to challenge the paid rest break theory in its papers opposing class certification. There simply is no authority supporting the denial of the paid rest break class for the reasons found by the Magistrate Judge, and the findings and recommendations clearly demonstrate this.

In addition, the Court concluded that none of the class representatives had standing to bring the rest break claims because the Court found insufficient evidence that any of the Class Representatives suffered these violations ([I will] "not consider argument related to Defendant's failure to pay separate compensation for the rest breaks of pure piece rate employees [as the claim does not appear in the testimony of the proposed class representatives]"). Doc. 109, 25:2-4. However, Defendant never contested standing and it was never an issue in the motion. Further, Defendant admitted that they did not pay for rest breaks for piece rate work (Doc. 44, 14:20-15:6), and Plaintiffs Munoz, Valenzuela, Perales and Rios worked pure piece rate. Doc. 51, Munoz Depo. 28:10-5, 61:7-13, 62:25-63:4; Doc. 47, Valenzuela Depo. 55:15-56:11; Doc. 56, Perales Depo. 22:2-9; Doc. 59, Rios Depo. 42:1-6. As a result, there is no logical leap to conclude that Plaintiffs Munoz, Valenzuela, Perales and Rios all have standing to bring this claim. Regardless, Plaintiffs hereby concurrently file the declaration of Plaintiffs Munoz and Valenzuela, which clearly state that they worked piece rate and he was not provided a paid rest break – that is that he was never afforded any pay for any rest breaks. Declaration of Rafael Munoz ¶2 ("Munoz Decl.); Declaration of Valenzuela ¶2 ("Valenzuela Decl."). As such, there should be no issue as to the standing of Plaintiffs to bring this claim.

Second, Plaintiffs ask this Court to reconsider the tray-washing component of the "Off-the-Clock" class and certify a more narrow tray-washing class from 2001 to 2006 pursuant to the authority granted the Court by Fed. R. Civ. P. 23(c)(1)(C). Both fieldworker declarations and testimony from Defendant's representatives demonstrate that Giumarra had no policy prohibiting fieldworkers from taking trays home prior to approximately 2006.  Further, although Defendant's superintendents deny that workers were required to clean trays at home prior to 2006, they admit

1  they knew workers took trays home. This testimony is sufficient to establish a practice or policy

2  regarding tray washing that compels certification of this class.

3  **II.     ARGUMENT**

4       **A.      The Unpaid Rest Break Class Should Be Certified**

5            Magistrate Thurston recommends denial of class certification for the "Unpaid Rest Break

6  Class" because this class is "based upon a claim not plead in the operative complaint." Doc. 109,

7  25:8-9. This conclusion is incorrect. Plaintiffs' sixth cause of action in the operative complaint is

8  "Failure to Allow Rest Breaks Pursuant to U.S.C. §1832(a) and Labor Code §226.7." Doc. 28,

9  23:14-15. Nonetheless, Magistrate Thurston's position is that, despite Plaintiffs' express citation to

10 the rest period provision in the Labor Code and Plaintiffs' quoting of Wage Order 14's rest period

11 provision, Plaintiffs failed to allege "facts" sufficient to support the cause of action. The

12 Magistrate's conclusions are unsupported by law and contradicted by the complaint. Indeed, there

13 appears to be a confusion between the pleading requirements, which, if inadequate, can be

14 challenged via a motion under FRCP 12, and Rule 23 requirements, which govern class

15 certification decisions. The former issue does not apply in the class certification context and the

16 latter does not encompass the Magistrate's novel notice theory. Indeed, the cases cited in support

17 of the Magistrate's conclusions are inapposite. Certainly a plaintiff cannot seek to certify a claim

18 that she did not plead in the complaint—**but that is not what is at issue here**. Plaintiffs pleaded a

19 rest period claim and moved to certify that claim under a specific theory that is extremely well

20 suited to class treatment. Yet the Magistrate's conclusions are not based on Rule 23 criteria. Thus,

21 refusal to certify this claim on the basis set forth by the Magistrate would be improper.

22            1.   The Unpaid Rest Break Class Is Adeqautely Plead In the Complaint

23            As a threshold matter, Fed. R. Civ. P. 8(a)(2) requires only that a complaint contain "a

24 short and plain statement of the claim showing that the pleader is entitled to relief." The

25 complaint's purpose is to give defendant fair notice of the claim's factual basis and the court's

26 basis for jurisdiction; *specific* facts are not needed. *Skaff v. Meridien North America Beverly Hills,*

27 *LLC* 506 F.3d 832, 841 (9th Cir. 2007) (emphasis added). Indeed, pleadings must be construed

28 liberally in order to prevent errors in draftmanship or the like from barring justice to litigants. *Mut.*

1   *Creamery Ins. Co. v. Iowa Nat. Mut. Ins. Co.*, 427 F.2d 504, 508 (8th Cir. 1970); See also *Patch v.*

2   *Stanley Works,* 448 F. 2d 483, (2d Cir. 1971), where despite a defendant's contention that pleading

3   did not raise an issue of strict liability, the court deemed the pleadings sufficient to raise that issue,

4   not withstanding claims of surprise and resultant harm given that defendant could not show what

5   more they would have done had they been warned in advance that trial court would so charge.

6       A "rest break" is a term of art under California law.  California Labor Code §226.7 states:

7   (a) No employer shall require any employee to work during any meal or rest period mandated by

8   an applicable order of the Industrial Welfare Commission. The applicable order of the Industrial

9   Welfare Commission is IWC wage order 14, which states:

11      "Every employer shall authorize and permit all employees to take rest periods…the
        authorized rest period time shall be based on the total hours worked daily at the rate
12      of ten (10) minutes net rest time per four (4) hours or major fraction
        thereof…Authorized rest period time shall be counted as hours worked for which
13      there shall be no deduction from wages.

14  In sum, a violation occurs where an employer does not provide one paid rest break for every four

15  hours of employment.

16      Here, Plaintiff pleaded this claim. Notably, Plaintiffs brought this action seeking "*unpaid*

17  *rest* and meal period compensation" for "Class Members." Doc. 28 ¶22. Indeed, the complaint

18  states that, "Defendants failed to provide plaintiff and others with rest breaks of not less than ten

19  (10) minutes *as required by the Labor Code* during the Class Period." (*Id*. at ¶74). Since the Wage

20  Order dictates that rest periods are to be counted as hours worked any claim that Defendant failed

21  to provide a meal or rest period in accordance with the Wage Order implicitly covers rest periods

22  that are not paid.

23      There are certainly several ways in which an employer could violate the rest period

24  requirements in 226.7 and IWC Wage Order 14.  In particular, an employer could:

25          1.      Provide a rest break shorter than 10 minutes;

26          2.      Not provide any rest breaks;

27          3.      Not provide compensation for breaks; or

28          4.      Not provide enough rest breaks (one per four hour shift).

Defendant violated all of the above rest break requirements in a variety of ways. However, simply because the Court notes that named Plaintiffs do not allege specific facts for every possible way in which Defendant violated the Labor Code and Wage Order's rest period provisions does not mean that Plaintiffs failed to give sufficient notice for class certification purposes. In the interest of making this case as efficient as possible, Plaintiffs' class certification motion narrowed the class to cover only Defendant's failure to compensate piece rate workers for rest breaks.

Plaintiffs' also alleged in the complaint that "[e]mployees are entitled to a <u>paid</u> (10) minute rest break every four (4) hours worked." Doc. 28, ¶73. By alleging this and that Defendant failed to provide rest breaks as required by the Labor Code (Doc. 28, ¶74), Plaintiffs' sufficiently pleaded the factual basis for their theory that workers earning pure piece rate are required to be paid for their rest breaks to satisfy standard favored by the Ninth Circuit even though more specific facts tying the claim to piece rate workers were omitted. *Skaff*, 506 F.3d at 841. At the minimum, alleging the that employees are entitled to paid 10-minute rest breaks and that Defendant failed to provide rest breaks as required by the Labor Code is sufficient to satisfy the federal courts stated preference for construing complaint liberally. *Mut. Creamery Ins. Co.*, 427 F.2d at 508; *Patch*, 448 F. 2d 483.  Plaintiffs should not be punished for narrowing the class in its class certification motion as is the case in the Magistrate's findings and recommendations.

### 2.   Defendant Had Sufficient Notice Of Plaintiffs' Unpaid Rest Claim

As noted above, the Magistrate's notice theory is not an appropriate basis to decide a Rule 23 motion. Assuming for the sake of argument that it is, the conclusions reached by the Magistrate are unsupported by the pleadings and facts. Plaintiffs have sufficiently pleaded their claim for unpaid rest periods for piece rate workers through seeking "*unpaid rest* and meal period compensation" for "Class Members," placing Defendant on sufficient notice of the piece rate theory. Doc. 28 ¶22.  As long as the other side receives fair notice of the nature of the claim, the complaint need not allege the legal theory on which recovery is being sought. *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995). Here, Plaintiffs clearly alleged violations of Labor Code 226.7 in the complaint, even if specific way in which provision can be violated is omitted. There is simply nothing hidden in plaintiffs' allegations that Defendant failed to provide paid rest breaks

1  and making seeking "unpaid rest" period compensation. It would be disingenuous to argue that

2  Defendant had no notice when Defendant has not indicated any possible harm or what more they

3  would have done had they been warned in advance of the Plaintiff's allegations. Indeed, Defendant

4  could not show payment to piece-rate employees for their rest periods, given that Defendant

5  already admitted that piece-rate employees did not receive paid rest breaks. (Doc. 44, 14:20-15:6).

6  Plaintiffs discovery was clearly directed at this issue (*id.*) and Defendant never moved this court to

7  narrow the class definition, for clarification of the complaint or directed discovery to plaintiffs to

8  narrow or uncover the scope of plaintiffs' allegations.

9      Moreover, Defendant vigorously opposed Plaintiffs' class certification motion and had an

10  opportunity to engage in discovery after Plaintiffs filed their motion. As such, Defendant had a fair

11  and adequate opportunity to challenge the theory and did challenge it in its opposition to class

12  certification. There is simply no basis to claim lack of notice or deny certification on that basis.

13      Citing to Plaintiffs' deposition testimony, Magistrate Thurston also states in her findings

14  and recommendations that the deposition testimony suggests that the "allegation is that Defendant

15  failed "to allow rest breaks."  Doc. 109, 22:22-23-8.  However, this is a non-sequitur. The mere

16  fact that Defendant asked class representatives whether they missed their rest breaks and Plaintiffs

17  provided testimony in this regard does not provide an inference that Plaintiffs §226.7 rest break

18  claims do not encompass other types of rest break claims. Indeed, Plaintiff Munoz submits a

19  declaration clarifying the issues which defendant failed to ask at deposition – that he was never

20  provided a PAID rest break – that is that there was no separate payment for rest breaks under

21  Defendants' pure piece rate system. Munoz Decl. filed concurrently herewith.

22

23          3.      Even If Defendant Had No Notice, Denying The Unpaid Rest Break Class

24                  On This Ground Is Improper

25      Defendant first asserted at oral argument that they received no notice of Plaintiff's "Unpaid

26  Rest Break" theory. This claim is highly suspect, not only because Plaintiffs' complaint states they

27  seek "unpaid rest and meal period compensation" and "unpaid wages," but also because Plaintiffs'

28  repeatedly probed the unpaid meal period issue with Defendant's representatives in deposition. See

6

Doc. 44, 14:20-15:6. If Defendant found Plaintiffs' failure to provide rest break claim ambiguous or lacking in legal or factual merit, the proper course would have been to resolved by fully investigating the issue in discovery or by filing a pleading. For example, the Supreme Court of California has held that when substantive theories and claims of a proposed class suits are alleged to be without "legal or factual merit," fairness and efficiency are furthered when "the contention is resolved in the context of a formal pleading (demurrer) or motion (judgment on the pleadings, summary judgment, or summary adjudication)," which gives proper notice and employs clear standards. Indeed, the court said that condoning merit-based challenges as part and parcel of the certification process, would unfairly deny an otherwise certifiable class the opportunity to proceed on legitimate claims. *Linder v. Thrifty Oil. Co.* 23 Cal. 4th 429, 440-441 (2000). However, Defendant failed to raise this issue prior to the certification hearing.

4.   That Some Plaintiffs Ocassionally Received 10-Minute Rest Breaks Does Not Negate That Some Plaintiffs Working Piece Rate Failed To Receive Paid Rest Breaks

Judge Thurston states that the Court will not consider argument related to Defendant's failure to provide separate compensation for the rest breaks of pure piece rate workers because does not appear in the testimony of the proposed representative. The Court arrives at this position by noting that Plaintiffs Rios, Munoz and Valenzuela all testify that 10-miute rest breaks were provided. Doc. 109, 24:23-25.

In support of this position, the Court cites *Evans v. IAC/Interactive Corp.,* 2007 U.S. Dist. LEXIS 99284, at *7 (C.D. Cal. Mar. 14, 2007). Evans is distinguishable from the Plaintiffs' unpaid rest breaks class because Plaintiffs are not asserting a new legal theory. *Evans* found that plaintiff's new theory could not possibly have put Defendant's on notice of the claim. Indeed, some theories had not even been asserted in the motion for class certification. (*Id.* at 2). Despite these facts, the court treated a supplemental statement as a de facto motion to leave to amend the FAC and granted leave to file a SAC to avoid waiting judicial resources. The court concluded that Defendant would not be unduly prejudiced if Plaintiffs are allowed to amend the FAC. Here, even in the event that Court maintains the position that the unpaid rest break theory was under-pleaded, the proper

7

1   remedy is grant leave to amend, as in *Evans*. Again, Defendant had a full opportunity to probe the

2   issue in a pleading or through discovery (Plaintiffs made their theory well known when deposing

3   Defendant's representatives. See Doc. 44, 14:20-15:6; Doc. 85, Part 3, 101:1-10.

4        Nowhere in Plaintiffs Rios, Munoz and Valenzuela's depositions are they asked if they

5   received paid rest breaks on the occasions in which they worked pure piece rate. To address this

6   matter fully, Plaintiffs hereby concurrently file an additional declaration from Plaintiff Munoz

7   clarifying that when he worked pure piece rate he was not compensated for the 10-minute rest

8   breaks he received. Munoz ¶2, Valenzuel ¶2. Ultimately, it is immaterial whether the Plaintiffs

9   who worked piece-rate testified that they received rest periods. The Court must liberally construe

10  the pleadings in favor of the pleader and, undeniably, the crucial matter for the unpaid rest break

11  class is not only whether the piece-rate employees received a rest break, but whether the employer

12  paid the piece-rate employees for their rest periods as *required by the Labor Code* and in

13  accordance with the *applicable wage order*. Indeed, to comply with the Labor Code and wage

14  order, the rest periods must be *provided and counted as hours worked*. If the rest periods were not

15  counted as hours worked, then the rest periods are not paid, thus not provided. In sum, the court

16  must construe Plaintiff's complaint liberally. Plaintiff has sufficiently pleaded its claims in the

17  operative complaint to put Defendant on notice.

18       **B.**     **A Narrowed Tray-Washing Class Should Be Certified**

19       Judge Thurston denies the tray washing component of the proposed "Off-the-Clock" class,

20  citing "dissimilarities and conflicting testimony of putative class members," and thus is unable to

21  "find a contention that is capable of classwide resolution." Doc. 109, 40:1-2. Plaintiffs and their

22  class member declarants attest that they washed trays at home and were not compensated for this.

23  Docs. 45, 48, 50, 53, 57 and 58. Defendant, on the other hand, submitted declarations from

24  fieldworkers claiming that they have never "been asked by anyone at Giumarra to do any of these

25  activities or anything else for free . . ." At the class certification hearing Plaintiffs asserted that the

26  failure of Defendant to specifically address whether or not they took trays home and washed them

27  left a gap in evidence and therefore Defendant's declarations failed to contradict Plaintiffs'

28  declarations. Although Judge Thurston found this argument less than persuasive, Giumarra

8

1    superintendent testimony points to the lack of a policy prohibiting fieldworkers from taking trays

2    home to wash them prior to approximately 2006, shortly after the filing of this suit. In addition,

3    numerous of Plaintiffs' declarants attest that they were required to wash trays until approximately

4    2006 (plus or minus one year).

5         This narrowed tray-washing class encompassing Giumarra fieldworkers from 2001 to 2006

6    is similar to the tray-washing class certified in *Sunview v. Zaninovich* (Case No. 1:09-cv-00705).

7    In *Sunview*, the court noted that there exists a common question for the class, namely "whether the

8    time worker spent washing trays at home . . . was compensable," based on Sunview's lack of a

9    policy prohibiting taking trays home to wash. Case No. 1:09-cv-00705, Doc. 192, 35:2-3. Here,

10   even if the Court maintains the position that the competing fieldworker declarations tend to defeat

11   commonality, Defendant's superintendent testimony suggests a common classwide policy prior to

12   2006 of Giumarra knowingly permitting fieldworkers to wash trays at home. When a common

13   policy can be established, individual variations will not always defeat class certification. Cf.

14   *Delagarza v. Tesoro Ref. & Mktg. Co.*, 2011 U.S. Dist LEXIS 101127, *19-22 (N.D. Cal.

15   September 8, 2011) ("that some workers can leave the premises with permission does not negate

16   Plaintiffs' assertion that there is a general default policy against leaving the premises").

17        Giumarra Superintendent David Stanley testified that workers' tray washing occurs on-the-

18   clock at the worksite now. Doc. 85, Part 2, 47:4-11. Stanley noted that sometime in the last five

19   years he has instructed workers to clean grape trays in the field. *Id*. at 48:16-22. Prior to this,

20   Stanley testified that he "didn't instruct them to clean them. They (fieldworkers) may have cleaned

21   them on their own . . ." *Id*. at 48:9-15. Of note is the fact that the general timeframe Stanley

22   references as when he began specifically instructing fieldworkers to wash grape trays in the field

23   falls shortly after the filing of this action. In sum, Stanley confirms that *currently* there is a policy

24   instructing workers to clean their trays on-site, but this policy developed in the last five years or so

25   as the likely result of this lawsuit. As to whether workers took trays home prior to five years ago

26   and washed their trays, Stanley fails to note a policy prohibiting the practice. Moreover, Stanley's

27   testimony places responsibility for maintaining the trays squarely on the field workers, noting that

28   two trays are "*provided*" to each fieldworker and that it is part of the workers job duty to make

1  sure the picking trays are clean for the harvest. *Id*. at 46:1-8.

2      Joseph Giumarra also confirms that approximately five years ago fieldworkers took trays

3  home with them. Doc 85, Part 3, 91:14-16. Giumarra goes on to explain that fieldworkers were not

4  explicitly instructed to take trays home, and that "most of the time" he saw workers taking trays

5  home it was when they were changing block. *Id*. at 92:23-93:2. Further confirming that the policy

6  of authorizing and permitting workers to clean trays at home prior to 2006.

7      Similar to *Sunview,* here some Giumarra's fieldworker declarants also declare they took

8  trays home to wash. For example, Venedo Garcia told Defendant's attorney in the interview in the

9  interview in which his declaration was taken for Defendant that he took trays home to wash.

10  However, this not reflected in the declaration Defendant submitted in Mr. Venedo name. Doc. 94,

11  Part 2, ¶4). Augustin Hernandez Rangel testified that he too took trays home. Rangel Depo. 21:1-

12  23:17, Exh. 1 to Declaration of Joseph D. Sutton ("Sutton Decl."). Juan Ortiz Martinez also

13  testified in deposition he took trays home to clean them and that this was required, as the trays

14  were to be kept clean. Martinez Depo. 25:25-27:1, Exh. 2 to Sutton Decl. Ignacio Prado and

15  Everardo Suarez declared that they cleaned trays at home. Doc. 94, Part 2, Prado Decl. ¶4, Suarez

16  Decl. ¶7. Jose Andrade stated that took trays home every weekend in 2005 and only after they

17  finished blocs in 2010. *Id*., Suarez Decl. ¶6. Here, like in *Sunview*, regardless of whether Giumarra

18  required workers to take trays home, workers took trays home and washed them. Doc. 192, 18-20.

19      The testimony from Giumarra representative on the lack of a policy prohibiting workers

20  from taking trays home to clean them prior to approximately 2006 and their acknowledgement that

21  many workers took trays home prior to 2006 and that it was their responsibility to keep trays clean,

22  coupled with their own declarants statements that they took trays home, provide the common

23  policy. Defendant's declarations denying they were ever asked to work for free are unavailing and

24  at best represent individual variations insufficient to defeat class certification. Cf. *Delagarza v.*

25  *Tesoro Ref. & Mktg. Co.*, 2011 U.S. Dist LEXIS 101127, *19-22 (N.D. Cal. September 8, 2011).

26  Therefore, the same common question in *Sunview* trays class applies here: whether the time spent

27  washing trays was compensable. As such, the Court should certify the narrowed trays class for all

28  Giumarra field workers who washed trays at home from 2001 to 2006.

**III.    CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court revise Judge Thurston's finding and recommendations and certify classes consistent with these Objections, to wit:

1.   Certify the "Unpaid Rest Break" class, or in the alternative, grant Plaintiffs leave of court to amend the complaint; and

2.   Certify the narrowed "Tray-Washing" class to include all Giumarra fieldworkers who were not compensated for washing trays at home from 2001 to 2006.


Respectfully submitted,


DATED:  August 2, 12                          **MALLISON & MARTINEZ**


By:   */s/ Marco A. Palau*
                                    Attorneys for Plaintiffs