1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    RAFAEL MUNOZ, et al.,                    )    Case No.: 1:09-cv-00703 - AWI - JLT
                                               )
12                 Plaintiffs,                 )    ORDER REGARDING THE PROPOSED CLASS
                                               )    NOTICE
13          v.                                 )
                                               )    (Doc. 125)
14    GIUMARRA VINEARDS CORPORATION,           )
                                               )
15                 Defendant.                  )
                                               )
16    _____      )

17          Plaintiffs Rafael Munoz, Lidia Cruz, Yanet Hernandez, Santos R. Valenzuela, Trinidad Ruiz,

18    Marta Rincon de Diaz, Ramon Cervantes Perales, and Hugo Perez Rios ("Plaintiffs") filed a proposed

19    class notice for the Court's approval on October 7, 2013.  (Doc. 125.)  The Court directed the parties to

20    meet and confer regarding the proposed notice, and to discuss any changes suggested by Defendant

21    Giumarra Vineyards Corporation ("Defendant" or "Giumarra").  (Doc. 129.)  Defendant filed its

22    objections to the proposed notice on October 25, 2013 (Doc. 130), to which Plaintiffs filed a response

23    on November 1, 2013 (Doc. 131).

24    **I.     Legal Standard**

25          The class notice must satisfy the requirements of the Federal Rules of Civil Procedure, which

26    provides the notice "must clearly and concisely state in plain, easily understood language" the

27    following information:

28          (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims,
            issues, or defenses; (iv) that a class member may enter an appearance through an

                                                      1

1
2
attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

3   Fed. R. Civ. P. 23(c)(2)(B).  A class notice must be "reasonably calculated, under all circumstances, to

4   apprise interested parties of the pendency of the action and afford them an opportunity to present their

5   objections."  *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

6   **II.      Contents of the Notice**

7          The proposed Class Notice provides information regarding the background of the action and the

8   claims asserted.  (Doc. 125-1.)  In addition, the Class Notice explains the options available to those

9   receiving notice, including the choice to remain in the lawsuit while giving up certain rights, or to opt-

10  out of the lawsuit and not be a part of the classes.  Plaintiffs propose that the Class Notice be mailed

11  and posted at Giumarra's facilities.  (Doc. 125 at 5-6.)

12  **III.     Defendant's Objections to the Proposed Notice**

13         Defendant asserts that the proposed Class Notice and Plaintiff's proposed order for its approval

14  "has deficiencies that make it unfair to the defendant."  (Doc. 130 at 2.)  Defendant objects to the

15  proposed notice on the following grounds: (1) "Plaintiffs' translation of the proposed notice is

16  defective;" (2) Plaintiffs' proposed method of exclusion is unfair;" (3) "[a]dministration, data collection

17  and reporting should be done entirely by a third party vendor;" (4) and posting of the class notice would

18  be "unnecessary and prejudicial."  (*Id.* at 2-4.)

19  **IV.      Discussion and Analysis[1]**

20         A.      Spanish language version of the Class Notice

21         Defendant asserts the proposed Spanish translation has "several significant errors."  (Doc. 130

22  at 2.)  As an example, Defendant observes: "[T]he English version defines the classes in terms of the

23  'failure' to reimburse workers for tools, or the 'failure' to provide timely meal periods. The Spanish

24  version omits the crucial word 'failure.'"  (*Id.* at 2.)  Therefore, Defendant requests that Plaintiffs "be

25  required to have the Spanish language version approved by Giumarra, or to submit a Spanish version

26

27  ───────────────────
[1] In the Objections, Defendant reports the "plaintiffs submitted an amended proposed order."  (Doc. 130 at 1-2.)  However, neither an amended proposed order nor an amended Class Notice were filed with the Court.  Therefore, for purposes of this
28  discussion, the Court refers to the "Proposed Order re Approval of Class Notice and Notice Plan" filed on October 7, 2013. (Doc. 125.)

1    prepared by a court-certified interpreter." (*Id.*)  However, this Court requires a declaration that the

2    Class Notice was translated by a <u>certified</u> court interpreter and attesting that the translation was an

3    accurate translation of the Court-approved English version of the Notice.  Accordingly, Defendant's

4    request is **GRANTED IN PART**, and Plaintiff **SHALL** submit the required declaration along with

5    their request for final approval of the Class Notice.

6            B.      Mailing and posting of the Class Notice

7            Plaintiffs assert "the Court should approve of the mailing method for directing notice to all

8    class members individually."  According to Defendant, "Plaintiffs propose V3 Corporation, which was

9    approved for this purpose in another case, take charge of the mailing."  (Doc. 130 at 3.)  Notably,

10   however, the request for V3 Corporation to be the Class Notice Administrator was not included in

11   Plaintiffs' proposed approval of the Class Notice and Notice Plan.  Rather, Plaintiffs asserted simply

12   that if notice by mailing was approved, they would "obtain a quote that includes standard mail and

13   first class postage."  (Doc. 125 at 5.)  There is no information regarding whether the mailing would be

14   tracked, what would happen if mail is returned as undeliverable, or how the Court would be informed

15   of Plaintiffs' successes—or failures—with providing class members notice.  For this reason, Plaintiffs'

16   proposed Notice Plan is deficient.  However, their request for approval by mailing is **GRANTED**.

17           In addition, Plaintiffs request the Court approve "posting the class notice at Giumarra's

18   facilities."  (Doc. 125 at 5.)  Defendant opposes this request, asserting the posting "is unnecessary and

19   prejudicial."  (Doc. 130 at 3.)  Defendant observes that a posted notice "would of course only reach

20   current Giumarra employee, and would be entirely useless in notifying class members who might have

21   worked for Giumarra five or ten years ago, but are no longer employed there."  (*Id.* at 3-4.)  Further,

22   Defendant argues the "current Giumarra employees are the proposed class members least in need of

23   additional notice," and the posted notice "would be over-inclusive in that they might also be seen by

24   employees who are not fieldworkers, and therefore are not members of the class."  (*Id.* at 4.)  Finally,

25   Defendant contends posting the notice could "cause harm to Giumarra's employment relationships"

26   because employees not included in either class "are likely to be confused by notices accusing the

27   company of wage and hour violations."  (*Id.*)

28           Significantly, however, a majority of the putative class members are migrant farmworkers.

3

1  Though Defendant reports that the last known address for the class members will be provided, this

2  information may be inaccurate given the migratory lifestyle of employees.  Further, both classes

3  certified by the Court include *present* employees.  Posting the Class Notice at Giumarra will increase

4  the likelihood that current employees who are members of the class receive notice.

5      Pursuant to Rule 23, the Court "must direct to class members the best notice that is practicable

6  under the circumstances, including individual notice to all members who can be identified through

7  reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Here, both posting and mailing the notice would

8  provide the best notice.  *See, e.g., Romero v. Producers Dairy Foods, Inc.*, 235 F.RD. 474, 493 (E.D.

9  Cal. 2006) (finding "first class mail, combined with posting . . . provides the 'best notice practicable' to

10 the potential class"); *Rameriz v. Ghilotti Bros.*, 2013 U.S. Dist. LEXIS 59497, at *34 (N.D. Cal. Apr.

11 25, 2013) (although the notice was to be mailed to potential class members, the court also ordered the

12 defendant to post the class notice in English and Spanish "to ensure that all potential class members are

13 aware of their rights to join the collective action"). Defendant's objection to posting is **OVERRULED**.

14      C.      Proposed method of exclusion

15      Plaintiffs propose that class members may opt to not be a part of the classes by writing a letter

16 to Plaintiff's counsel stating: "I do not want to be part of the Class or have a chance to receive money

17 or benefits if Plaintiffs win their lawsuit against Giumarra.  I request to be excluded from the class

18 action against Giumarra Vineyards of California, Inc., Case No. 1:09-cv-00703."  (Doc. 125-1 at 5,

19 emphasis omitted.)  Defendant asserts that the letter requirement "is far too great a burden to place on

20 class members who may not understand the notice to begin with, or take the trouble to read it, and who

21 may fail to appreciate that inaction would cause them to join a class action against their employer that

22 they may have no wish to join."  (Doc. 130 at 2.)

23      After this objection was raised, Plaintiffs proposed the use of an "Election to be Excluded" form

24 that was approved by this Court in a related action, *Rojas v. Marko Zaninovich, Inc.*, Case No. 1:09-cv-

25 00705-AWI-JLT.[2] (Doc. 131 at 4.)  Plaintiffs assert that this proposed method of exclusion is fair,

26

27 [2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  Court records are sources whose accuracy cannot reasonably be questioned. *Mullis v. United States Bank. Ct.*,

28 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), *aff'd,*

1    because the form would not require class members to draft a document requesting exclusion, and

2    instead "require[s] that class members simply 'check off' a box to exclude them from the class."  (*Id.*)

3         As noted Plaintiffs observe, the use of an "Election to be Excluded" form has been previously

4    approved.  A similar form would be appropriate, especially in light of the fact that the Court has

5    recognized *Rojas* is related to this action.  However, the requirement that a class member check the box

6    seems to leave room for the possibility that the forms will be completed improperly, e.g, the form is

7    returned with the box unchecked though otherwise complete, and could, therefore, be deemed not a

8    valid request for exclusion.  Rather than having the class members check the box, class members

9    should merely have to fill in the date and contact information requested which will be deemed as

10   adopting the pre-printed language which indicates the employee does not wish to be part of the class,

11   i.e., "I do not want to be part of the Class."  Accordingly, the "Election to be Excluded" form should be

12   amended to omit the check-box.

13        D.    Collection of the exclusion forms

14        Initially, Plaintiffs proposed that "Plaintiffs' counsel will collect exclusions and, within 15 days

15   of the conclusion of the exclusion period, shall report on the mailing and exclusions."  (Doc. 125 at 5.)

16   Defendant objected that the administration and reporting should be done by a third-party vender

17   because having Plaintiffs' counsel collection exclusions would be "unnecessarily cumbersome,

18   duplicative and untrustworthy."  (Doc. 130 at 3.)  Plaintiffs report that this proposal was "an effort to

19   preserve costs."  (Doc. 131 at 3.)

20        After meeting and conferring regarding Defendant's objection, "Defendant's counsel informed

21   Plaintiffs that he would consider accepting and reporting the exclusions as a solution to his concerns."

22   (Doc. 131 at 4.)  Accordingly, the parties have resolved Defendant's objection to the method to be used

23   for collecting the exclusion forms, and the class members SHALL be directed to send the exclusions to

24   Defendant's counsel, who will report the exclusions.

25   ///

26

27   645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).  Because the form referenced by Plaintiffs has not been

28   replicated here, the Court takes judicial notice of the "Election to be Excluded" form in *Rojas*, filed on June 25, 2013 (*Rojas*, Doc. 223 at 9.)

/// 

## V.      Conclusion and Order

Plaintiff's proposed Class Notice contains much of the information required by Rule 23(c) of the Federal Rules of Civil Procedure, including the nature of the action, the class definitions approve by the Court, the claims and issues to be resolved, how a class member may enter appear through an attorney or chose to be excluded from the class, and the binding effect of a class judgment.  However, Plaintiffs must identify the Class Notice Administrator, and the Class Notice must be revised to include the amended method for the class members to opt-out and other information in this Order. Accordingly, **IT IS HEREBY ORDERED**:

1.      The proposed Class Notice (Doc. 125-1) is preliminarily **APPROVED**, and Plaintiffs **SHALL** file a finalized Class Notice with revisions in accordance with this Order for the Court's approval no later than **November 25, 2013**;

2.      Along with their request for final approval of the finalized Notice, Plaintiffs **SHALL** file a declaration by the certified court interpreter who translated the Notice into Spanish, attesting that the translation is accurate;

3.      Defendant **SHALL** provide updated contact information of potential class members in electronic format to Plaintiffs and the Class Notice Administrator no later than **December 20, 2013**;

4.      The Class Notice Administrator **SHALL** mail the approved Class Notice no later than **January 10, 2014,** and track returned or undeliverable mail;

5       The Class Notice **SHALL** be posted in English and Spanish in locations used by Giumarra to post information directed to workers no later than **January 10, 2014**;

6.      Class members have forty-five days to request exclusion, commencing **January 10, 2014**;

7.      To be valid, exclusions must contain the exact or substantially similar language set forth in the "Election to be Excluded" form provided in the Class Notice and **SHALL** be postmarked no later than **February 24, 2014**;

1     8.     The Class Notice Administrator **SHALL** provide a report under penalty of perjury to

2            Plaintiffs' counsel detailing the mailing processes no later than **March 11, 2014**;

3     9.     Defendants' counsel SHALL provide a report under penalty of perjury to Plaintiffs'

4            counsel identifying all exclusion requests received, as well as copies of any exclusion

5            requests, no later than **March 11, 2014**; and

6     10.    Plaintiffs **SHALL** submit a report detailing the results of the exclusion process to the

7            Court no later than **March 26, 2014**.

8

9 IT IS SO ORDERED.

10     Dated:    **November 18, 2013**           **/s/ Jennifer L. Thurston**

11                                            UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28