UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MUNOZ, LIDIA CRUZ, YANET HERNANDEZ, SANTOS R. VALENZUELA, TRINIDAD RUIZ, MARTA A. RINCON de DIAZ, RAMON CERVANTES PERALES, and HUGO PEREZ RIOS, on behalf of themselves, and all current and former employees, and on behalf of a class of similarly situated employees,<br><br>**Plaintiffs**<br><br>v.<br><br>**GIUMARRA VINEYARDS CORPORATION; and DOES 1-20**<br><br>**Defendant** | CASE NO. 1:09-CV-0703 AWI JLT<br><br>ORDER RE: DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION<br><br>(Doc. 156) |

**I. Background**

      This case has a complex history but traces back to a suit filed by the Plaintiffs on behalf of themselves and a class of others similarly situated against Defendant Giumarra Vineyards Corporation on December 16, 2005. Plaintiffs allege that Defendant has violated a number of federal and California laws governing employee wages and working conditions. Ultimately, class certification was granted for two classes of employees who were allegedly provided late meal breaks and required to purchase their own tools.

      Defendant has filed a motion for partial summary adjudication. Doc. 156. Plaintiffs oppose the motion. Doc. 164. The matter was taken under submission without oral argument.

## II. Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn, 322 F.3d 1039, 1046 (9th Cir. 2002). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Schenk, P.C., 519 F.3d 917, 925 (9th Cir. 2008). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1102-03 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party can not "'rest upon the mere

allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Stegall v. Citadel Broad, Inc., 350 F.3d 1061, 1065 (9th Cir. 2003). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Juell v. Forest Pharms., Inc., 456 F.Supp.2d 1141, 1149 (E.D. Cal. 2006); UMG Recordings, Inc. v. Sinnott, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004). "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002). Further, a "motion for summary judgment may not be defeated ...by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006). Additionally, the court has the discretion in appropriate circumstances to consider materials that are not properly brought to its attention, but the court is not required to examine the entire file for evidence establishing a genuine issue of material fact where the evidence is not set forth in the opposing papers with adequate references. See Southern Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003). If the non-moving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. See Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1103 (9th Cir. 2000).

## III. Discussion

Defendant's motion concerns the claim based on California's Private Attorneys General Act ("PAGA"). California Labor Code Section 2699.3 states that a plaintiff may bring a civil

3

action only after certain administrative requirements have been met.  A plaintiff must first send written notice by certified mail to the Labor and Workforce Development Agency (LWDA) and the employer detailing the specific provisions which have allegedly been violated; a plaintiff may sue if the LWDA informs them that they do not intend to investigate the claim or if the plaintiff receives no word from the LWDA within 33 days of the initial written notice. Cal. Lab. Code § 2699.3(a).  PAGA claims are subject to a one-year statute of limitations period under California Code of Civil Procedure § 340(a). Jayme v. Checksmart Financial, LLC, 2010 WL 2900333, *2 (E.D.Cal. July 22, 2010).  To satisfy the administrative exhaustion requirements of Section 2699.3 a plaintiff must also send their written notice within one year of the violation. Soto v. Castlerock Farming & Transp. Inc., 2012 WL 1292519, *5 (E.D. Cal. Apr. 16, 2012).

In this case, the initial complaint was filed December 16, 2005, but did not contain any PAGA claims.  Plaintiffs sent written notice ("PAGA Notice") to Defendant and LWDA on December 20, 2005.  Plaintiff did not make a PAGA claim until the amended complaint filed September 22, 2009. Doc. 28, 28:6-29:15.

Defendant argues summary adjudication dismissing Plaintiffs' PAGA claims is proper since, (1) Defendant did not receive written notice of Plaintiffs' PAGA claims, (2) Defendant was not given an opportunity to cure the alleged labor violations, (3) Plaintiffs' PAGA claims are time-barred, and (4) the written notice is not substantively sufficient.  Plaintiffs claim Defendant is not entitled to summary adjudication because receipts prove they did receive written notice and Defendant was given an opportunity to cure the violations.  Plaintiffs rely on the relation back doctrine to argue the PAGA claims are not time-barred.  Plaintiffs also argue the notice is substantively sufficient because it contained specific allegations.

**A. Receipt of PAGA Notice**

PAGA requires that "The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Labor Code § 2699.3(a)(1).  Defendant acknowledges that Plaintiffs

4

did provide notice to the LWDA. Doc. 162, Defendant's Undisputed Material Fact ¶ 2. However, Defendant argues it has no record of ever receiving such the PAGA Notice. Doc. 157, 8:19. Jeff Giumarra, Defendant's Chief Financial Officer, states that "On the basis of my investigation and search for copies of these letters, I am informed and believe that Giumarra has no record that any such letters were ever delivered to Giumarra." Doc. 155, Jeff Giumarra January 23, 2015 Declaration, ¶ 15. In opposition, Plaintiffs state that they sent two copies to Defendant at two different addresses. Doc. 164, Eric Kingsley Declaration, ¶ 5. Plaintiffs also provide copies of the two certified mail receipts. Doc. 164-4, Ex. 3 and Doc. 164-5, Ex. 4. Defendant responds that the letters were sent to the Edison Post Office where they were signed for by Devin Bivens, who was a Postmaster Relief there in 2005; Devin Bivens has worked for Defendant since 2011 and stated "I knew Mr. Giumarra well, since he regularly stopped by the local Post Office to pick up the company's mail, and I sometimes signed for letters or packages addressed to Giumarra Vineyards Corporation." Doc. 168, Devin Bivens Declaration, ¶ 4. Review of the certified mail receipts does indicate that while the person signing for the letters wrote "George Giumarra" in the "B. Received by" box while signing "Devin Bivens" in the "A. Signature" box. Doc. 164-4, Ex. 3 and Doc. 164-5, Ex. 4. Defendant thus argues that "Thus, the issue of delivery remains an open question." Doc. 166, 3:19-20.

The statute only requires "written notice by certified mail" and does not make mention of actual receipt. Cal. Labor Code § 2699.3(a)(1). One case appears to hold that the key procedural necessity is certified mail and that even actual notice would not work to excuse that requirement. Pena v. Taylor Farms Pac., Inc., 2015 WL 471764, *7 (E.D. Cal. Feb. 4, 2015) ("TFP conceded at argument that it received timely notice by fax..... Because plaintiffs did not provide written notice by certified mail of the alleged violations as required by the statute, this claim may not proceed"). Thus, under the plain meaning of Section 2699.3 a plaintiff satisfies the administrative requirements when written notice is sent to the proper address of the employer and the LWDA by certified mail. A plaintiff need not prove that an authorized agent signed for the notice. This result is consistent with the interpretation of other statutes that require notice by certified mail. See e.g. Pagonis v. United States, 575 F.3d 809, 813 (8th Cir. 2009) ("[26 U.S.C.] § 6212 does not

5

require actual receipt of the mailing, and that a notice sent by certified mail to a taxpayer's last known address complies with the statutory requirements, even if it is returned unclaimed"); Cornhusker Cas. Ins. Co. v. Kachman, 514 F.3d 982, 987 (9th Cir. 2008) ("In further support of classifying notice sent by certified mail as 'mailed' for purposes of [Revised Code of Washington] § 48.18.290, Washington state courts, in construing statutory schemes other than those governing insurance cancellation, have held that actual receipt of certified mail is not required to provide adequate notice"); Knapp v. Doherty, 123 Cal. App. 4th 76, 88 (Cal. App. 6th Dist. 2004) ("In order to be effective, a copy of the notice of trustee's sale—at least 20 days prior to the sale—must be mailed by registered or certified mail, postage prepaid, to the trustor, sent to his or her last known address if different from the address listed on the deed of trust. (§ 2924b, subd. (b)(2).) The trustor need not receive actual notice of the trustee's sale so long as notice is provided to the trustor that is in compliance with the statute"). One California court, faced with a disagreement centered on lost correspondence in the course of a lease renewal, found that "when there is actual receipt of an item of certified mail by the mail carrier, who customarily picks up sacks outside a post office annex, the item has been 'sent by certified mail.'" Jenkins v. Tuneup Masters, 190 Cal. App. 3d 1, 10 (Cal. App. 3d Dist. 1987). Plaintiffs utilized the proper means of sending the PAGA Notice.

Furthermore, when a person who is unauthorized to receive packages on another's behalf regularly does so (with the recipient's apparent acquiescence), courts are skeptical of the recipient's representations concerning lack of authority. Sams v. Heritage Transp., Inc., 2013 U.S. Dist. LEXIS 45906, *15 (D.S.C. Mar. 29, 2013) (in the context of Fed. R. Civ. Proc. 4, "This evidence contradicts Heritage's position that Ms. Singh was unauthorized to sign for certified mail sent to Heritage at the 3855 Skofstad Street address. Instead, the evidence shows she does so regularly"). Devin Bivens has specifically stated "I knew Mr. Giumarra well, since he regularly stopped by the local Post Office to pick up the company's mail, and *I sometimes signed for letters or packages addressed to Giumarra Vineyards Corporation*." Doc. 168, Devin Bivens Declaration, ¶ 4, emphasis added. As Devin Bivens's signing for Defendant's mail was not an isolated occurrence and George Giumarra appears to have known this fact, the court would not be

6

1   able to definitively determine that Devin Bivens was unauthorized as a matter of law.

### B. Opportunity to Cure

Part of the rationale behind this administrative exhaustion procedure is to "give employers an opportunity to cure less serious violations." Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 375 (Cal. App. 2nd Dist. 2005), quoting Cal. Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Cal. Sen. Bill No. 1809 (2003–2004 Reg. Sess.) as amended July 27, 2004, p. 5. Defendant argues that sending the PAGA Notice after a complaint is filed does not give an employer an opportunity to cure alleged violations. Doc. 166, 4:4-24. This case was initiated on December, 16, 2005, before the PAGA Notice was sent on December 20, 2005. However, Plaintiffs did not make a PAGA claim until September 22, 2009. Doc. 28.

Other courts faced with a similar factual pattern have not found this to be a sufficient reason to dismiss PAGA claims as employers . Hoang v. Vinh Phat Supermarket, Inc., 2013 WL 4095042, *7 (E.D. Cal. Aug. 13, 2013) ("Section 2966.3's notice requirement serves the dual purpose of providing the LWDA with an initial opportunity to investigate Labor Code violations and cite employers, and giving employers, in certain instances, an opportunity to cure the alleged violations. Although this action was filed prematurely, allowing plaintiffs to bring their PAGA claims would not undermine these purposes.... the claim must simply be dismissed and cannot be realleged until thirty-three days or more after the plaintiff complies with 2699.3's notice requirements"); Martinez v. Antique & Salvage Liquidators, Inc., 2011 WL 500029, *9 (N.D. Cal. Feb. 8, 2011). Plaintiffs filed their suit before the PAGA Notice. But Defendant had an opportunity to cure before the PAGA claims were brought. Since Defendant was given notice of the alleged violations, and an opportunity to cure before the PAGA claims were filed, Plaintiffs met their administrative exhaustion requirements.

### C. Substantive Sufficiency of Notice

Defendant argues the written notice provided on December 20, 2005 is not substantively sufficient because it does not provide notice Plaintiffs' claims, specifically that"(1) Giumarra

7

workers were forced to endure 'a late meal period' in violation of Wage Order 14 whenever a meal period started more than five hours after the start time, or (2) despite company policy, some workers brought their own replacement tools without reimbursement." Doc. 157, 10:5-10. Plaintiffs argue PAGA only requires minimal notice be provided and that their written notice meets that standard. Doc. 164, 7:12-26. Plaintiffs allege their written notice specifically informed Defendant of Giumarra's failure to reimburse employees and provide timely meal periods. Doc. 164, 11:4-22. The PAGA Notice consisted of a letter and a copy of the December 16, 2005 complaint. Doc. 164-1, Carroll Jan. 22, 2015 Declaration, ¶ 5; Doc. 164-3, Letter; Doc. 164-2, Dec. 16, 2005 Complaint.

California Labor Code Section 2699.3 requires that the written notice sent to the LWDA and the employer contain "facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1). Simply restating the elements of California Labor Code provisions does not suffice. See Alcantar v. Hobart Serv., 2015 WL 5155449, *8 (9th Cir. Sept. 3, 2015) ("Plaintiff's letter—a string of legal conclusions with no factual allegations or theories of liability to support them—is insufficient to allow the Labor and Workforce Development Agency to intelligently assess the seriousness of the alleged violations. Neither does it provide sufficient information to permit the employer to determine what policies or practices are being complained of so as to know whether to fold or fight").

**1. First PAGA Claim - Meal Breaks**

Defendant argues that Plaintiffs currently claim that "Giumarra workers were forced to endure a 'late meal period' in violation of Wage Order 14 whenever a meal period started more than five hours after the start time....The amended complaint (Doc 28) alleges as the meal period violation, only that Giumarra forced workers to 'work through meal and rest period periods without paying legal compensation for failure to provide rest or meal periods.'" Doc. 157, 10:5-18. Defendant objects to this change. However, a later shift in the theory of violation does not necessarily defeat the sufficiency of the PAGA Notice. See Cardenas v. McLane FoodServices, Inc., 796 F. Supp. 2d 1246, 1260 (C.D. Cal. 2011) ("MFI offers no authority suggesting that

PAGA's requirement that employees provide in their notice 'facts and theories to support [an] alleged violation' necessitates inclusion of every potential fact or every future theory. To the contrary, the plain meaning of those words suggests that Plaintiffs were required to put forward sufficient facts to support their claims of labor violations by MFI. Indeed, MFI does not dispute that they did so. Instead, MFI seeks to bind Plaintiffs to those facts and theories exactly as laid out—even though, of course, no discovery has yet occurred, since Plaintiffs could not file suit until providing notice to NWLA and determining if the agency would investigate. Such a result is absurd and would undermine the principles of PAGA").

On the substance, Plaintiffs' PAGA Notice provides insufficient fact and theory to satisfy the Section 2699.3 requirements.  Plaintiffs' December 20, 2005 letter claims, "defendants violated the law...by failing to allow employees to take thirty (30) minute uninterrupted meal breaks when they worked over five (5) hours in a shift.  No reimbursement for expenses and no additional pay/wages were paid for foregoing their breaks." Doc. 164-3.  Similarly, the attached complaint alleged, "During the relevant class period, defendants regularly allowed workers to work through their meal breaks, yet did not compensate them for the time spent working....Defendants failed to provide plaintiffs and others with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period." Doc. 164-2, 11:22-24 and 15:19-21.  Plaintiff's language in the PAGA Notice essentially restates California law without providing any factual detail.  The Ninth Circuit found that a statement that the employer "failed to provide off-duty meal periods and to pay compensation for work without off-duty meal periods to its California employees in violation of California Labor Code sections 226.7 and 512, and applicable Industrial Welfare Commission orders" was insufficient as "The only facts or theories that could be read into this letter are those implied by the claimed violations of specific sections of the California Labor Code." Alcantar v. Hobart Serv., 2015 WL 5155449, *7-8 (9th Cir. Sept. 3, 2015).  Similarly, a statement that alleged a "practice of denying rest periods and lunch periods to these workers in violation of IWC Wage Order 10" was not adequate. Soto v. Castlerock Farming & Transp. Inc., 2012 WL 1292519, *8 (E.D. Cal. Apr. 16, 2012), citing Archila v. KFC U.S. Properties, Inc., 420 Fed. Appx. 667, 669 (9th Cir.2011).  In finding the

statement that "Payment has not been made for all work actually required and permitted to be performed, and for all rest and meal periods" to be insufficient, this court noted "the Ninth Circuit requires an exceedingly detailed level of specificity for Section 2699.3(a)(1) to be satisfied." Soto v. Castlerock Farming & Transp. Inc., 2012 WL 1292519, *7-8 (E.D. Cal. Apr. 16, 2012). Plaintiffs have not exhausted this PAGA claim.

**2. Second PAGA Claim – Reimbursement for Tools**

Defendant also argues that there was insufficient detail in the PAGA Notice regarding the failure to reimburse for tool purchases claim. Doc. 157, 10:5-20. Plaintiffs' argue the written notice did contain sufficient facts because it provided "specific details regarding the numerous supplies Plaintiffs and aggrieved employees were forced" to purchase. Doc. 164, 10:1-10. Plaintiffs' December 20, 2005 letter only states that there was "No reimbursement for expenses." Doc. 164-3. The attached complaint was much more detailed, stating "defendants failed to properly reimburse and/or deduct the cost of expenses incurred as a condition of their employment. These expenses include, but are not limited to: gloves, clippers, sharpeners, knives, umbrellas, tables, knee pads, pillows, trays, stools, and cleaning supplies." Doc. 164-2, 6:14-17. This is a sufficient level of detail to satisfy the notice requirement. See Medlock v. Taco Bell Corp., 2014 WL 2154444, *4 (E.D. Cal. May 22, 2014) (exhaustion satisfied by notice stating "Ms. Hardiman and other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by TACO BELL FOUNDATION, INC. including and without limitation, required shoes, required clothing and related fees and deposits that resulted from their employment with Defendants").

**D. Statute of Limitations**

Defendant argues Plaintiffs' claims are barred by the statute of limitations because the claims were brought years after the one-year limitation period ran. Doc. 166, 5:5-13. Plaintiffs agree that PAGA claims are subject to a one-year statute of limitations period but contend that under the relation back doctrine their PAGA claims can relate back to an earlier complaint if they

provided timely notice. Doc. 164, 13:27-14:27.  Defendant states that Plaintiffs can not use the relation back doctrine because the original complaint did not assert a PAGA claim. Doc. 166, 5:14-22.  Five of the named Plaintiffs worked for Defendant sometime during 2005. Doc. 164-1, Eric Kingsley Feb.23, 2015 Declaration, ¶¶ 14-18; Docs. 164-11, 164-12, 164-13, 164-14, and 164-15.  The PAGA Notice was sent on December 20, 2005.  Since the notice was sent within a year of Plaintiffs' employment with Defendant Plaintiffs satisfied the administrative requirements of Section 2699.3. See Soto v. Castlerock Farming & Transp. Inc., 2012 WL 1292519, *5 (E.D. Cal. Apr. 16, 2012).  Plaintiffs brought their PAGA claims on September 22, 2009.  The claims were brought after the statute of limitations expired in 2006.  Plaintiffs can only bring PAGA claims if they relate back to the original complaint filed on December 16, 2005.  If the claims do not relate back to the original complaint they are barred by the statute of limitations.

      The Ninth Circuit has held that Federal Rule of Civil Procedure 15(c) controls relation back for PAGA claims not California procedure. Milligan v. Am. Airlines, Inc., 577 Fed. Appx 718, 719 (9th Cir. 2014).   Rule 15(c) states "an amendment to a pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  A defendant is not prejudiced if a claim arising from the same facts as the original complaint is added. Santana v. Holiday Inns, Inc., 686 F.2d 736, 739 (9th Cir. 1982). Thus, whether the December 16, 2005 complaint contained a PAGA claim is not dispositive for relation back under Rule 15(c).  The relation back doctrine should be applied liberally. E.W. French & Sons, Inc. v. Gen. Portland Inc., 885 F.2d 1392, 1396 (9th Cir. 1989).

      Here, Plaintiffs' original December 16, 2005 complaint alleged that Defendant did not reimburse Plaintiffs for the cost of tools used in their employment. Doc. 164-2, 6:14-17. Plaintiffs' amended claim states Plaintiffs are entitled to civil penalties under PAGA because Defendants did required Plaintiffs to purchase tools and did not reimburse them for that expense. Doc. 28, 11:12-23 and 22:7-24.   The amended claim arises out of the "same conduct, transaction, or occurrence" as the original complaint.  The original complaint and the new claim share a "common core of operative facts" because both are based on the same allegations and the evidence

for both pleadings is the same.  Relation back applies; Plaintiffs' PAGA claim is not barred by the statute of limitations.

## IV. Order

Defendant's motion for summary adjudication is GRANTED in part and DENIED in part.

Summary adjudication of Plaintiffs' first PAGA claim based on failure to provide timely meal periods is GRANTED in favor of Defendant.

Summary adjudication of Plaintiffs' second PAGA claim based on failure to reimburse workers for tools is DENIED.

IT IS SO ORDERED.

Dated:   September 11, 2015                     _____
                                                SENIOR  DISTRICT  JUDGE

12